IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:14-CV-40-FL

| | |
|---|---|
| JIMMIE ECHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| BRANCH BANKING AND TRUST, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion to dismiss plaintiff's complaint for failure to state a claim and for lack of subject matter jurisdiction. (DE 30). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M&R"), wherein it is recommended that the defendant's motion be granted. Plaintiff objected to the M&R and defendant responded. The issues raised are ripe for ruling. For the following reasons, the court adopts the M&R and grants defendant's motion to dismiss.

BACKGROUND

Plaintiff commenced this action on July 1, 2014, and supplemented his complaint on October 15, 2014, asserting claims against defendant arising out of a foreclosure proceeding in Bertie County, North Carolina. Plaintiff asserts the following claims: (1) conversion, (2) fraud on the court, (3) absence of de novo hearing, (4) North Carolina statutory violations, (5) breach of contract, (6) breach of contract under modification of agreement, (7) conflict of interest, and (8)

violation of due process by failure to provide discovery. The facts alleged in plaintiff's complaint are summarized in the M&R, incorporated herein as follows. On July 12, 2002, plaintiff and others entered into an agreement, in which plaintiff executed a promissory note secured by a deed of trust in favor of defendant. Plaintiff served as guarantor on the loan and was part owner of the real property that served as collateral for the loan and the personal property contained on the premises. In 2010, defendant claimed plaintiff defaulted on the promissory note and foreclosed on the real property.

On June 21, 2011, the clerk of the Superior Court of Bertie County, North Carolina, issued an order of possession of the foreclosed property in favor of defendant. On July 12, 2011, deputy sheriff J.E. Bowen ("deputy Bowen") executed the order of possession on behalf of sheriff John Holley, and filed the signed return of service certifying that deputy Bowen had served plaintiff. According to plaintiff, the sheriff "did not remove the tenant's personal property as required by the court Order of Possession, nor did any agent sign a statement that the Plaintiff's property remain on the premises now in possession by Defendant." (DE 16 at 4 ¶10).

Plaintiff appealed the foreclosure to Superior Court and to the North Carolina Court of Appeals, and both courts affirmed the foreclosure. See In re Foreclosure of a Deed of Trust from Jimmie L. Echols, Gloria C. Echols, Vincent Boyd, & Republique, Inc., Dated July 12, 2002, Recorded in Book 799, Page 1, Bertie Cnty. Registry, No. COA13-804, 759 S.E.2d 710, 2014 WL 1797823 *2 (N.C. Ct. App. 2014) (unpublished). The Supreme Court of North Carolina denied discretionary review. See In re Echols, 367 N.C. 524, 762 S.E.2d 214 (2014).

Defendant moves to dismiss for lack of subject matter jurisdiction, for failure to allege over $75,000.00 in controversy, and because the Rooker-Feldman doctrine bars the court's exercise of

2

jurisdiction over plaintiff's second, third, fourth, fifth, sixth, and seventh claims. Defendant moves to dismiss all claims for failure to state a claim on which relief can be granted. Plaintiff filed a motion to amend complaint on January 2, 2015, and two motions to amend supplemental complaint on February 25, 2015.

The magistrate judge granted in part and denied in part plaintiff's first motion to amend, and denied plaintiff's second and third motions to amend. (DE 53 at 30). The magistrate judge allowed plaintiff to amend his complaint to add "in excess of $75,000.00" to the requested relief, but denied the motions to amend in all other respects as futile. (See DE 53 at 10, 29-30).

DISCUSSION

A.     Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain,

3

697 F.2d 1213, 1219 (4th Cir.1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[T]he facts alleged in the complaint are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir.2009). When the defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir.1999). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

4

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (internal citations omitted).

    2.    Analysis

        a.    Rooker-Feldman Doctrine

Under the Rooker–Feldman doctrine, district courts lack subject matter jurisdiction to hear actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine only applies "when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Va. Dep't of Transp., 434 F.3d 712, 713 (4th Cir.2006). By contrast, the doctrine does not apply where a federal plaintiff asserts a claim independent of the prior state claim, such as where the injury complained of in federal court was caused by a third party rather than by the state court judgment itself. See Exxon, 554 U.S. at 293; Davani, 434 F.3d at 719.

The magistrate judge recommends dismissing plaintiff's second through seventh claims on the basis of the Rooker-Feldman doctrine. Where such claims all relate to the state court foreclosure action, subsequent appeals, and actions taken by defendant related to the promissory note prior to

5

declaring that plaintiff was in default, plaintiff's claims necessarily require review of the state court foreclosure judgment. The court incorporates and adopts as its own the cogent discussion by the magistrate judge of each of plaintiff's claims barred by the Rooker-Feldman doctrine. Thus, plaintiff's second through seventh claims are barred by the Rooker-Feldman doctrine.

Plaintiff objects to this determination on the basis that the state court lacked jurisdiction in the foreclosure action. Plaintiff does not specify, however, in what manner the state court lacked jurisdiction over the foreclosure action. Furthermore, plaintiff does not allege facts supporting such an assertion. Plaintiff argues, for example, that the "Superior Court of Bertie County lacked jurisdiction to hear the matter of foreclosure on the real property in Windsor, North Carolina on July 24, 2011." (DE 54 at 5). Given that Windsor, North Carolina, is located in Bertie County, North Carolina, however, the place of the foreclosure hearing does not create a jurisdictional issue.

    b.  Due Process Claim

The magistrate judge recommends dismissal of plaintiff's due process claim, construed as arising under 42 U.S.C. § 1983, for failing to allege violation by persons acting under color of state law. (DE 53 at 20). Plaintiff does not object to this determination and the court finds no clear error. Plaintiff does not allege that defendant acted under color of state law or conduct attributable to the state. See Mentavlos v. Anderson, 249 F.3d 301, 313 (4th Cir. 2001). Therefore, plaintiff's due process claim must be dismissed for failure to state a claim on which relief can be granted.

    c.  Conversion Claim

The magistrate judge recommends dismissal of plaintiff's conversion claim on the basis that plaintiff fails to allege an unauthorized disposal of the personal property by defendant. "[C]onversion ... has long been defined by the Supreme Court of North Carolina as 'an unauthorized

6

assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.'" Anderson v. Sara Lee Corp., 508 F.3d 181, 190 (4th Cir.2007) (quoting Peed v. Burleson's, Inc., 244 N.C. 437, 94 S.E.2d 351 (1956)). Disposition of personal property after foreclosure proceedings does not constitute conversion where such disposition takes place "in accord with . . . statutorily mandated procedures." Smithers v. Tru-Pak Moving Sys., Inc., 121 N.C. App. 542, 551 (1996). The issue raised by plaintiff's claim thus is whether defendant disposed of plaintiff's personal property not in accordance with statutorily mandated procedures.

Defendant alleges in his complaint that the sheriff executed an order of possession on the plaintiff, and that personal items were not stored or kept by the sheriff, but rather remained on the premises in possession of defendant. (DE 16 at 4-5 ¶¶12-13). These allegations, however, are insufficient to show that defendant disposed of plaintiff's personal property not in accordance with statutorily mandated procedures. In particular, North Carolina law allows a purchaser to throw away, dispose of, or sell the [personal] property," after the expiration of the 10-day period following notice to the occupant of the notice of possession informing of consequences of failing to request possession. N.C. Gen. Stat. § 42-25.9(g); § 42-36.1(a) & (d). Plaintiff does not allege the sheriff failed to give such notice, or that plaintiff timely requested possession of the purchaser. (See DE 16 at 4-5 ¶¶ 10, 12-13).

The magistrate judge considered, and determined futile, plaintiff's additional allegations asserted in support of his motion to amend complaint. Plaintiff alleges further facts also in his objection to the M&R. The further facts alleged do not alter the disposition of plaintiff's claim. State court documents attached to briefing on the motion to amend complaint state that in applying

7

for an order of possession, an entity named Atlas NC I SPE LLC ("Atlas"), assigned the high bid at foreclosure by defendant, complied with the provisions of N.C. Gen. Stat. § 45-21.29, which included giving notice to plaintiff of the order for possession. (DE 45-1 at 17; see id. at 18). The Bertie County Superior Court clerk entered an order of possession on June 21, 2011, stating that plaintiff had "wrongfully retained possession of the property after 10 days' notice was given" and that "[t]he Sheriff of Bertie County shall serve this Order of Possession upon the current occupant and shall remove any and all parties and their personal property from the premises and place Atlas in possession." (Id. at 18-19). A return of service, filed July 19, 2011, states that the sheriff served notice on plaintiff on July 12, 2011. (DE 54-1).

Plaintiff thus has provided no allegation that the sheriff failed to provide him with requisite notice that failure to request possession may result in disposition of personal property, as required under N.C. Gen. Stat. § 42-36.2(d). Plaintiff argues in his objections that "Plaintiff's representative had requested that personal property be turned over to the Plaintiff but Defendant's representative, who was the real estate agent, Mr. Jeff Daniels, stated that the bank owned everything." (DE 54 at 10). The complaint and proposed amended complaint, however, do not allege facts reasonably permitting an inference that plaintiff made a timely request of the purchaser for release of plaintiff's personal property. (See DE 16 at 4; DE 43-1 at 4). In a case such as this where compliance with statutory procedures is critical to the claim, plaintiff failure to so allege is fatal to his claim.

Accordingly, plaintiff fails to allege an unauthorized assumption and exercise of right of ownership over his personal property. Therefore, plaintiff's conversion claim must be dismissed as a matter of law.

8

CONCLUSION

Based on the foregoing, the court ADOPTS the M&R and GRANTS defendant's motion to dismiss. The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of September, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

9